THE TERRITORY OF NEW MEXICO, Appellant, v. G. H. WELLER, Appellee.

*January, 1883.*

JUSTICE OF THE PEACE.    (1) *Powers of.*
PERJURY.    (2) *Surety on appeal bond, swearing falsely as to his property is guilty of: Examination of surety by justice of the peace as to former's ownership of property is a judicial proceeding.*

1.    The powers of a justice of the peace or magistrate in New Mexico are not less or narrower than the powers of the same officer elsewhere.
2.    It is the duty of a justice of the peace to see that sureties offered on appeal bonds are worth the sum for which they intend to become sureties, in such property as can be reached by legal process. In order to ascertain this, the justice may examine, upon oath, the persons offering to go upon the bond, and he may also call and examine witnesses upon the subject. This examination and the approval of the bond by the justice constitute a judicial proceeding, in which the justice has legal power to administer oaths, and if the sureties proposed swear falsely to a material matter in such proceeding, they may be indicted and punished for perjury.

Appeal from the District Court of Santa Fe county.

*William Breeden*, attorney-general, for the territory.

*Fiske & Warren*, for the appellee.

AXTELL, Chief Justice : The defendant was indicted by the grand jury of Santa Fe county, February term, 1882, for perjury.

The indictment was found upon the following facts : In January, 1882, an action of forcible entry and unlawful detainer, had been tried before a justice of the peace in Santa Fe county, and a judgment rendered in favor of plaintiffs. The defendant appealed and offered G. H. Weller, defendant in this action as one of his sureties on his appeal bond.

Weller was thereupon duly sworn, and took his corporal oath in due form of law, before the said justice of the peace, to true answers make, touching his sufficiency as such surety and the value and character of the property of which he was then possessed. The indictment then alleges in due form then and there, that he swore falsely in regard to his property.

The defendant appeared to the indictment and filed his motion to quash the same for the following reasons : That the same is insufficient in law to constitute any crime or offense, and the same does not allege any crime or offense indictable under the laws of this territory.

The statute relating to perjury is as follows, Chap. LIV, sec. 2, Laws of New Mexico :

If any person of whom an oath shall be required by law, shall willfully swear falsely in regard to any matter or thing respecting which such oath is required, such person shall be deemed guilty of perjury.

There is no statute of the territory requiring the sureties on an appeal bond, to make affidavit that they are worth the amount for which they bind themselves, nor is there any statute except the general statute hereafter referred to, authorizing or requiring a justice of the peace to examine under oath, a person offering himself as bondsman, touching his ability pecuniarily to go on such bond. The contention is upon this point, the defendant claiming that there was

no oath required by law, and consequently no perjury for swearing falsely.

The court below took this view of the case and quashed the indictment. The territory took an appeal to this court.

It was contended by defendant in argument before us, that justices of the peace in New Mexico, had less authority and were confined within narrower limits, than the same officers in the old colonial states; because it was argued that the colonists brought with them from the mother country, some of the common law, while we have only such as govern us by express statute. We find by reference to the organic act, sec. 10, that the judicial power of the territory shall be vested in a supreme court, district courts, probate courts and in justices of the peace; and we find in our general statutes, secs. 122 and 123 of the act, in regard to justices of the peace, that all justices of the peace of this territory are hereby declared to be magistrates, and are empowered to administer oaths and affidavits and to take depositions. This power is general and the definition of justice of the peace is enlarged by the term magistrate. It is difficult to see how these terms can have any larger significance in the old colonial states than is given to them by the organic act and statutes of New Mexico; the powers of a magistrate or justice of the peace over subjects within their proper jurisdiction, are the same in New Mexico as elsewhere.

In the case before us, it was the duty of the justice to see that the sureties to the appeal bond were worth the amount for which they went upon the bond and in such property as could be reached by legal process, for he must approve the bond, and this approval is a judicial act. Before he could intelligently approve this bond he must, by some process, be able to judge and determine the sufficiency of the security. This is a judicial proceeding and the general power conferred upon the justice to administer oaths, is sufficient to enable him to proceed and determine the question to his own satis-

faction by examining the person offering to go upon the bond upon oath, and if he is not satisfied, by calling and examining other witnesses.

His powers as a magistrate and justice of the peace at common law—the duty imposed upon him by statute to take and approve the bond—the whole tenor and course of judicial proceedings justified him in requiring this defendant to be sworn, and when the justice required him to be sworn he was required by law, within the meaning of our statute. Possibly the justice could not have compelled him to swear, but had he refused to do so, it would have answered the same purpose, and the justice would have rejected him, but if, when required by the justice, he voluntarily comes and swears falsely, he commits perjury. The statute of New Mexico provides (chapter XXVII., sec. 18), that in criminal cases the common law, as recognized by the United States and the several states of the Union, shall be the rule of practice and decision. At common law it was perjury to take a false oath in justifying bail in any of the courts or before any person acting as a court, justice or tribunal, having power to hold such judicial proceeding. Again, one of the best common-law definitions of the crime is, that perjury is committed when a lawful oath is administered in some judicial proceeding to a person who swears willfully, absolutely and falsely in a matter material to the issue. This was a judicial proceeding, the justice had a legal right to administer the oath, the matter inquired of was material in the case and the false swearing was perjury. It follows that the district court erred in quashing the indictment.

The judgment is reversed and the cause remanded.

All concur.