608 P.2d 530

**Dale ROGERS, Defendant-Appellant,**

v.

**STATE of New Mexico,
Plaintiff-Appellee.**

No. 4380.

Court of Appeals of New Mexico.

Feb. 19, 1980.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Asst. App. Defender, Santa Fe, Ann Steinmetz, Trial Counsel, Albuquerque, for petitioner-appellant.

Jeff Bingaman, Atty. Gen., John G. McKenzie, Jr., Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

WOOD, Chief Judge.

Defendant moved to dismiss the indictment on the ground that the "notice" requirements of § 31–6–11(B), N.M.S.A. (Supp.1979) had not been met. The trial court denied the motion; we granted an interlocutory appeal.

The "notice" provision of § 31–6–11(B), supra, was enacted in 1979. It reads:

B. It is the duty of the grand jury to weigh all the evidence submitted to it, and when it has reason to believe that other competent evidence is available that may explain away or disprove a charge or accusation or that would make an indictment unjustified, then, it should order the evidence produced. The target shall be notified of his target status and be given an opportunity to testify, if he desires to do so, unless the prosecutor determines that notification may result in flight, endanger other persons, obstruct

justice, or the prosecutor is unable with reasonable diligence to notify said person.

■ 1. The target "shall be" notified unless the "unless" clause applies. The statute is worded in mandatory terms. Section 12–2–2(I), N.M.S.A.1978. The "unless" clause states when notice is not mandatory. None of the "unless" clause provisions was applicable in this case; notice to the target was mandatory.

■ 2. The statute does not state who is to notify the target. The district attorney was attending the grand jury. See § 31–6–7, N.M.S.A.1978 (Supp.1979). It was the obligation of the district attorney to notify the target. The district attorney undertook to do so.

■ 3. Compliance with the statutory notice requirement is not an issue unless the defendant makes compliance an issue. Compare *State v. O'Neil*, 91 N.M. 727, 580 P.2d 495 (Ct.App.1978). Once a defendant raises a compliance issue, which party has the burden of persuading the trial court that there was compliance? The statute permits avoidance of mandatory notice by the "unless" clause, and the "unless" clause is based on a determination by the prosecutor. The statutory language suggests that when the notice requirement is an issue, the prosecutor has the burden of establishing either that the target was notified or that notification was excused under the "unless" clause. We so hold because the prosecutor is the party affirming that the grand jury indictment is proper. The prosecutor's burden is the burden of persuasion. *State v. O'Neil*, supra. Defendant made notice an issue by introducing a copy of the target letter, and a representation to the court that the letter was not received until after the matter had been presented to the grand jury. The prosecutor recognized that notice was an issue and undertook to persuade the trial court that the statutory notice requirement had been met.

■ 4. Whether the statutory notice requirement had been met was a question of fact. *Saxon v. DuBois*, 209 Cal.App.2d 713, 26 Cal.Rptr. 196 (1962). The notice

issue was a claimed defect in the initiation of the prosecution. It "must be raised prior to trial" and when raised, is to be decided by the trial court inasmuch as it does not involve a trial on the merits. Rule of Crim. Proc. 33(d) and (e); *State v. Mares*, 92 N.M. 687, 594 P.2d 347 (Ct.App.1979). Defendant's notice claim was by pretrial motion.

■■■■ 5. "The target shall be notified of his target status . . .." Section 31–6–11(B), supra. The statute does not state in what manner, or in what time, the notification must be given. See *People v. Rakity*, 77 Misc.2d 324, 352 N.Y.S.2d 803 (1974).

(a) The target letter is as follows:

August 13, 1979

RE: STATE VS. DALE ROGERS

CHARGE: PERJURY

Dear PUBLIC DEFENDER

You are hereby notified that you will be the target of a Bernalillo County Grand Jury Inquiry. Should you desire to testify at the proceedings, you will be given the opportunity to do so.

Although the exact time of the proceedings has not been set, they will take place on WEDNESDAY AUGUST 15. 1979. You may call 842–3928, if you are interested in appearing to obtain the exact time of the inquiry.

IRA ROBINSON

District Attorney

Although no issue is raised as to the contents of the notification, a non-lawyer could reasonably understand from the letter in this case that the public defender, rather than Rogers, was the target. Compare *People v. Wagner*, 80 Misc.2d 1042, 365 N.Y. S.2d 404 (1975).

(b) "The target shall . . . be given an opportunity to testify, if he desires to do so . . .." Section 31–6–11(B), supra. The opportunity to testify requires that the target receive the notification in sufficient time to exercise his right to testify. Section 31–6–12(A), N.M.S.A.1978 (Supp.1979) states "that all subpoenaed witnesses shall be given a minimum of thirty-six hours' notice unless a shorter period is specifically approved for each witness by a judge of the district court." If a target is subpoenaed, see § 31–6–12(B), N.M.S.A.1978 (Supp.1979), the 36-hour period would apply to the target. In our opinion, the 36-hour period should apply to a target who has not been subpoenaed to insure that the target is afforded his statutory opportunity to testify. We hold that the above-quoted provision of § 31–6–12(A), supra, applies to a target, whether or not the target has been subpoenaed.

(c) The statute does not specify the method of giving notice; any method, written or oral, suffices so long as the method employed complies with the statutory intent that the target be given an opportunity to testify. Thus, the method of giving notice is no more than an evidentiary matter going to whether the target was in fact given notice. Defendant contends that the notice must be actual notice on his part. We are unwilling to so hold, recognizing there may be cases where a written notice may not be "actual" notice because the target avoided or evaded the notification. See *James v. Hutchinson*, 211 S.W.2d 507 (Mo.App.1948) where a notification letter was received, but not read. The statute negates a requirement of actual notice by providing, in the "unless" clause, that the target need not be notified if "the prosecutor is unable with reasonable diligence to notify said person." If a defendant claims a lack of notification, an issue, a factual one, will be whether the prosecutor exercised reasonable diligence. Compare *City of Albuquerque v. Juarez*, 93 N.M. 188, 598 P.2d 650 (Ct.App.1979).

■■■■ 6. The prosecutor did not claim that Rogers, the target, could not be notified by the exercise of reasonable diligence. Rogers was in the county jail because of other charges. The prosecutor claims that both Rogers and his attorney had received the target letter which stated that grand jury proceedings concerning the target would take place sometime on August 15, 1979.

(a) The target letter was received by the public defender's office sometime on August 13, 1979. The public defender was not

representing Rogers. Exhibits in evidence show that private attorneys had entered their appearance on behalf of Rogers in two other criminal matters; the second of the entries of appearance had been filed with the district court clerk on July 27, 1979 and a copy of this second appearance had been furnished to the district attorney's office. The trial court found that the district attorney's office "should have known" that the private attorneys represented Rogers. The exhibits sustain this finding.

The trial court also found that the target letter was sent to the public defender and not to Rogers' attorneys. The exhibits also sustain this finding.

The State would have us ignore the trial court's findings and hold, as a matter of law, that the target letter received by the public defender was sufficient notice. The State asserts that the private attorneys had entered their appearance on behalf of Rogers, an indigent, in the two criminal cases because the public defender had a conflict in representing Rogers. Assuming, but not deciding, that these contentions are true, the trial court found as a fact that the district attorney's office did not send the target letter to Rogers' attorneys.

We recognize that notice to a target's attorney may amount to compliance with the notice requirement, depending on the facts of the case. In this case, it is not disputed that Rogers' attorneys did not receive the target letter (forwarded to them by the public defender) until August 16, 1979, after the grand jury had met. Notice to a public defender's office, which did not represent Rogers, did not comply with the statutory notice requirement.

(b) The only support for the claim that Rogers received the target letter is the affidavit of a secretary in the district attorney's office. This affidavit states that the secretary prepared a target letter for Rogers, that this letter was placed in an envelope bearing Rogers' name "and endorsed Bernalillo County Detention Center", that on August 13, 1979 the letter addressed to Rogers was placed "in a basket marked 'Joe Gutierrez, Corrections', and picked up by Mr. Joe Gutierrez for delivery" to Rogers.

The affidavit contains no language indicating that the letter ever reached the detention center or was delivered to Rogers. The State asks us to apply a presumption of delivery similar to the presumption which exists for items placed in the United States Mail. See *Myers v. Kapnison*, 93 N.M. 215, 598 P.2d 1175 (Ct.App.1979). Even if we were to adopt such a presumption, the presumption would not go to when (the time) the letter was received. "[T]here is no presumption that it [the letter] was received on a particular day." *People v. Rakity*, supra. Apart from the presumption, there is no evidence going to the jail's delivery system and, thus, there can be no inference that the letter to Rogers, addressed to the jail, was either delivered or was timely delivered.

■ 7. There is neither presumption nor inference that Rogers received the target letter or received it in time to have an opportunity to testify. The trial court found that "Defendant would have requested that certain evidence be presented to the Grand Jury if he had received prior notice of the impending indictment." While this finding is ambiguous, we read it as meaning that Rogers desired to testify, and would have if given an opportunity to do so. The trial court's order denying the motion to dismiss was erroneous.

■ 8. This reversal does not mean that Rogers is "free" of the charges in the indictment. Rogers' "notice" rights will be vindicated if he is given the opportunity to testify. Thus, if the trial court dismisses the indictment, Rogers may be reindicted. Alternatively, the trial court may remand the indictment to the same grand jury that returned the indictment (a) so that Rogers may be given the opportunity to testify, and (b) reconsideration of the indictment by the grand jury after Rogers has exercised that opportunity. See *State v. Reese*, 91 N.M. 76, 570 P.2d 614 (Ct.App.1977).

The order denying the motion to dismiss for noncompliance with the notice requirement of § 31–6–11(B), supra, is reversed.

The cause is remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.