612 P.2d 1355
STATE of New Mexico,
Plaintiff-Appellee,

v.

Tom Mix RUSSELL,
Defendant-Appellant.

No. 4633.

Court of Appeals of New Mexico.

May 29, 1980.

John B. Bigelow, Chief Public Defender, Serapio L. Jaramillo, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of commercial burglary contrary to § 30–16–3(B), N.M.S.A.1978, and of being a habitual offender pursuant to § 31–18–17(B), N.M.S.A.1978 (Supp.1979), defendant appeals. He contends the trial court erred when it held that it had no discretion to suspend or defer the basic sentence imposed under § 31–18–15.1, N.M.S.A.1978 (Supp.1979), when it had increased the sentence by one year pursuant to § 31–18–17(B).

We calendared this case for summary reversal and the State has filed a timely memorandum in opposition, contending that it was the legislative intent that no part of the basic sentence could be altered when it had been increased pursuant to § 31–18–17(B). We disagree.

■ Legislation is to be given effect as written. *State v. McHorse*, 85 N.M. 753, 517 P.2d 75 (Ct.App.1973). Where there is an ambiguity, resort may be had to interpretation; but even then, intent is to be determined primarily from the language used. *Keller v. City of Albuquerque*, 85 N.M. 134, 509 P.2d 1329 (1973). Section 31–18–17(B) states that the basic sentence of a habitual offender "shall be increased by one year, and the sentence imposed by *this* subsection shall not be suspended or deferred." (Emphasis added.) The sentence imposed by subsection (B) is the additional one year. *Compare* § 31–18–16(A), N.M.S.A.1978 (Supp.1979), which states that for firearm enhancement, the basic sentence "shall be increased by one year, and the sentence imposed by this subsection shall be the first year served and shall not be suspended or deferred." Although it is a question which we do not decide, it would appear that the basic sentence in the firearm enhancement section can be suspended or deferred. We see no policy reason or glean any legislative intent to prohibit the altering of the basic sentence.

We hold that § 31–18–17(B) only prohibits the suspending or deferring of the one year imposed by that section. The trial court erred when it held it had no discretion to suspend or defer the basic sentence imposed.

The judgment of the trial court is affirmed. The cause is remanded for reconsideration of sentencing consistent with this opinion.

IT IS SO ORDERED.

WOOD, C. J., and WALTERS, J., concur.