620 P.2d 1304

STATE of New Mexico,
Plaintiff–Appellee,

v.

Judy LAMPMAN, Defendant–Appellant.

No. 4535.

Court of Appeals of New Mexico.

Nov. 20, 1980.

Ellen Pinnes, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of homicide by vehicle, defendant appeals contending that the State failed to present exculpatory evidence to the grand jury and that the blood alcohol test was improperly admitted.

Defendant was driving a Ford van in the village of Corrales. While proceeding through a lazy "S" curve, she collided with a Datsun. The driver of the Datsun was killed. Officer Francis and two friends of the defendant arrived at the scene shortly after the accident.

At the hearing on the motion to quash the indictment, Miss Powers [a friend of defendant] testified that Officer Francis told her at the scene of the accident that "[t]hey [the victim] came over in her [defendant's] lane and hit her." Powers stated that she attempted to testify to this before the grand jury but that the assistant district attorney would not let her testify to this statement because it was hearsay. At no time during the grand jury hearing did the assistant district attorney elicit the fact of this testimony which was contradictory to Officer Francis' testimony.

■ The State contends the statement was hearsay and was not admissible. We disagree. New Mexico Rule of Evidence 801(d)(1), N.M.S.A. 1978, states in part: "A statement is not hearsay if: ... declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with his testimony ...". The statement attributed to Officer Francis fits within the rule. The statement was not hearsay. The withholding of exculpatory evidence from the grand jury was knowingly done. State v. Sanchez, 95 N.M. 27, 618 P.2d 371 (Ct.App.1980); State v. Herrera, 93 N.M. 442, 601 P.2d 75 (Ct.App.1979). Defendant was denied due process.

The State argues that, since Powers testified before Officer Francis, the conditions of N.M.R.Evid. 801(d)(1) were not met. This argument is completely without merit. To allow such an interpretation would permit the district attorney to juggle witnesses in order to keep out relevant testimony.

The State's reliance on Maldonado v. State, 93 N.M. 670, 604 P.2d 363 (1979), is misplaced. Maldonado did not overrule Herrera, supra. We have also considered the State's argument of harmless error and find it to be without merit.

■ We consider defendant's second argument since the State may seek a new indictment against the defendant. There was conflicting testimony regarding consent. The issue was for the fact finder. We cannot say the trial court abused its discretion in finding a valid consent. State v. Greene, 92 N.M. 347, 588 P.2d 548 (1978).

Reversed and remanded with directions to set aside the judgment and verdict, quash the indictment and discharge the defendant.

IT IS SO ORDERED.

WOOD, C. J., and WALTERS, J., concur.