632 P.2d 748

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**James R. GONZALES,
Defendant-Appellee.**

No. 5154.

Court of Appeals of New Mexico.

July 2, 1981.

Certiorari Denied Aug. 5, 1981.

Jeff Bingaman, Atty. Gen., Art Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

C. N. Morris, Silver City, for defendant-appellee.

## OPINION

HENDLEY, Judge.

The State appeals from the trial court's dismissal of a grand jury indictment for perjury. Summary affirmance was proposed. The State responded with a timely memorandum in opposition; however, we are not persuaded by the arguments as to the target notification issue and we affirm on that point.

The facts recited in the docketing statement which are not challenged are accepted as the facts on appeal. *State v. Calanche*, 91 N.M. 390, 574 P.2d 1018 (Ct. App.1978). Defendant was a witness in a grand jury investigation in September and October, 1980. On the basis of his testimony, he was indicted on October 8, 1980, by the same grand jury for perjury, contrary to § 30–25–1, N.M.S.A. 1978. That indictment was dismissed as legally insufficient on February 20, 1981. The district attorney presented the matter several days later and a second indictment was returned February 25, 1981. The second indictment was based on transcripts of the previous investigation submitted to the grand jury by the district attorney.

After defendant filed several motions to dismiss, the trial court dismissed the second indictment. The first issue raised by the State deals with whether, under § 31–6–11(A), N.M.S.A. 1978 (Supp.1980), a grand jury may only indict upon "oral testimony". The second issue is whether the target notification requirement under § 31–6–11(B), *supra*, applies to persons whom the grand jury investigates on its own initiative. Because the second issue is dispositive, we need not address the first. However, in regard to the first issue, see *State v. Evans*, 89 N.M. 765, 557 P.2d 1114 (Ct.App.1976).

While conceding that notice and an opportunity to testify must be given to targets of a grand jury investigation, *Rogers v. State*, 94 N.M. 218, 608 P.2d 530 (Ct.App.1980), the State distinguishes between matters brought before the grand jury by the district attorney and charges initiated by the grand jury. The State seems to say that the grand jury should not have to target a witness who testifies before them on one investigation and then reconvene to "allow the witness *cum* target another opportunity to testify".

We see no reason why this should *not* be the procedure. First, there is no indication in the statutes (§ 31–6–1 *et seq.*, N.M.S.A. 1978) that the Legislature intended that those investigated by the grand jury on its own initiative have fewer rights than others who are indicted as a result of a district attorney's actions. These statutes do not operate solely as a check on the district attorney; rather, they are intended to afford procedural rights in the grand jury system as a whole. Second, once the grand jury proceeds to investigate a matter, the focus of that investigation becomes the target, regardless of how the matter arose before the grand jury.

Within the language and intent of the statutes governing grand jury procedures,

we see no distinction between witnesses who may perjure themselves before the grand jury and those who are investigated for other crimes. The trial court's decision is affirmed.

IT SO ORDERED.

WOOD and WALTERS, JJ., concur.