644 P.2d 545

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ricky GALLEGOS, Defendant-Appellant.**

**No. 5406.**

Court of Appeals of New Mexico.

March 30, 1982.

Rehearing Denied March 31, 1982.

Certiorari Denied May 5, 1982.

Michael R. Gernsheimer, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

NEAL, Judge.

Defendant was convicted of perjury, contrary to § 30–25–1, N.M.S.A.1978. Although defendant has raised three issues on appeal, each of defendant's points focus on the central question of whether the element of materiality is a question to be decided by a judge or jury in a perjury case. We hold that materiality is a question for the trial judge and affirm defendant's conviction.

Section 30–25–1, *supra*, provides:

Perjury consists of making a false statement under oath or affirmation, material to the issue or matter involved in the course of any judicial, administrative, legislative or other official proceeding, knowing such statement to be untrue.

 The five elements of perjury are:

1. a false statement;

2. under oath or affirmation;

3. material to the matter involved;

4. in a judicial or other official proceeding;

5. knowing the statement to be untrue.

*See, State v. Naranjo*, 94 N.M. 407, 611 P.2d 1101 (1980). *State v. Montoya*, 77 N.M. 129, 419 P.2d 970 (1966).

The defendant and Rudy Cardenas were suspects in the murder of Robert Vargas. Evidence indicated that defendant and Cardenas were at a party, two fights occurred, and that Vargas, the deceased, was involved in one of the fights. Evidence also indicated that Vargas left the party and was followed by the defendant and Cardenas to the location where Vargas was stabbed and his body was found. Defend-

ant and Cardenas were tried separately for the Vargas murder; defendant was tried first. At his trial, defendant tried to lay the blame on Cardenas, testifying that Cardenas was at the party, that he knew Cardenas and that Cardenas was bleeding from a cut over his eye. Defendant was convicted. One month later defendant testified as State's witness in the murder trial of Rudy Cardenas. Defendant's testimony at Cardenas' trial is the basis of the perjury conviction. At Cardenas' trial defendant tried not to inculpate Cardenas; defendant testified that he did not know Cardenas and did not recognize Cardenas in the courtroom, he did not recall seeing Cardenas at the party, he did not know if Cardenas was at the party, and he did not see any injuries to Cardenas' face at the party.

The judge instructed the jury:

For you to find the defendant guilty of perjury, the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

(1) The defendant made a false statement under oath or affirmation;

(2) The defendant knew such statement to be untrue;

(3) This happened in New Mexico on or about the 13th day of November, 1980.

There is no UJI on perjury.

The judge ruled that the statements were material as a matter of law and therefore did not include the element of materiality in the jury instruction. Defendant claims that failure to instruct the jury on essential elements of the crime charged is reversible error.

■ "The most common test of materiality is whether the false testimony can influence the determination of a fact in issue and hence influence the outcome of the proceeding." 4 Torcia, *Wharton's Criminal Law*, § 619 (14th Ed. 1981). The test in New Mexico is very similar. In *State v. Watkins*, 92 N.M. 470, 590 P.2d 169 (Ct.App. 1979), the jury was instructed from a definition found in Annot., 22 A.L.R.Fed. 379 at

§ 2(a), page 383 (1975): "False testimony is material if it has the capacity or tendency to influence the decision of the tribunal or inquiring or [the] investigative body, or to impede the proceeding, with respect to matters which such tribunal * * * is competent to consider." The question is whether this standard is to be applied by the judge or jury. Since we hold that it is a question for the trial judge we reject defendant's argument that the jury should have been instructed on materiality.

In determining that materiality is a question of law to be decided by the trial court we follow the overwhelming weight of authority. *Annot.* 62 A.L.R.2d 1027 (14th Ed. 1981); Perkins, Criminal Law, p. 391 at n. 76 (1957); 70 C.J.S. Perjury, § 71(c) (1951); 60 Am.Jur.2d *Perjury*, § 11 (1972). Since *Carroll v. United States*, 16 F.2d 951 (2d Cir. 1927), *cert. denied*, 273 U.S. 763, 47 S.Ct. 477, 71 L.Ed. 880 (1927), it has been the rule in all federal courts. Lillich, *The Element of Materiality in the Federal Crime of Perjury*, 35 Ind.L.J. 1 (1959); *Sinclair v. United States*, 279 U.S. 263, 298, 49 S.Ct. 268, 273, 73 L.Ed. 692 (1929); *Vitello v. United States*, 425 F.2d 416 (1970), *cert. denied*, 400 U.S. 822, 91 S.Ct. 43, 27 L.Ed.2d 50 (C.A.Cal.1970); *United States v. Edmondson*, 410 F.2d 670 (5th Cir. 1969), *cert. denied*, 396 U.S. 966, 90 S.Ct. 444, 24 L.Ed.2d 430 (C.A.Ala.1969). New York and Massachusetts are the only states which hold that in a perjury case, materiality is a jury question. *People v. Clemente*, 285 App.Div. 258, 136 N.Y.S.2d 202 (1954); *Commonwealth v. McDuffee*, 379 Mass. 353, 398 N.E.2d 463 (Mass.1979). We do not follow these cases. New York provides for two degrees of perjury. If the falsity is material the defendant may be found guilty of first degree perjury, a felony. If the falsity is not material the defendant may be found guilty of second degree perjury, a misdemeanor. Under these circumstances it is clear that materiality is a jury question since the determination of that issue determines the crime and the punishment. New Mexico, however, does not divide perjury into degrees.

█ The trial judge properly exercised his power to determine materiality. The statements were clearly material; defendant tried to remove Cardenas, the murder suspect, from the scene of the murder. It is difficult to imagine more obviously material falsehoods than those in this case.

█ Finally, we address two contentions raised by defendant. Defendant told police four different stories about where he got a knife. At the Cardenas trial defendant testified that he did not remember telling four stories about where he got a knife; defendant argues that his statement that he didn't remember was incorrectly determined to be material by the trial court. Because this statement is not necessary to sustain the conviction we do not deem it necessary to decide whether or not it was material. Defendant moved for a directed verdict on the ground that the State did not prove *how* the statements had the capacity or tendency to impede the proceedings. The defendant contends that denial of this motion was error. We disagree. The clear inference is that a lie removing a murder suspect from the scene of the murder has the capacity or tendency to impede the administration of justice. We affirm.

IT IS SO ORDERED.

DONNELLY, J., concurs.

HENDLEY, J., dissents.

HENDLEY, Judge (dissenting).

I dissent from that portion of the majority opinion holding that materiality is a question of law upon which the jury need not be instructed.

As the majority opinion states, it is an element of the offense of perjury that the false statement be material to the matter involved. This has been expressly provided by the Legislature. § 30–25–1, N.M.S.A. 1978. It has also been the rule in New Mexico since territorial days when the statute contained no explicit requirement of materiality. *Territory of New Mexico v. Weller*, 2 N.M. 470 (1883). What the majority has done is, quite simply, to write the requirement of materiality out of the stat-

ute. Lillich, "The Element of Materiality in the Federal Crime of Perjury," 35 Ind. L.J. 1 (1959). This is contrary to the rule, which we are bound to follow, that legislation is to be given effect as written. *State v. Russell*, 94 N.M. 544, 612 P.2d 1355 (Ct. App.1980).

The majority bases its opinion on the overwhelming weight of authority. In reading the authorities cited by the majority, as well as the numerous other cases to a like effect, I am struck by the singular lack of any reasoned basis for holding that materiality should be a question of law. It appears that the rule that materiality is a matter of law on which the jury need not be instructed grew out of a thoughtless superimposition of the judge's role in admitting or excluding evidence onto the elements of a substantive crime. *See, Regina v. Edward Gibbon*, 169 Eng.Rpts. 1324 (1861), and A.L.I., *Model Penal Code and Commentaries*, § 241.1 at p. 125 (1980). However, Mr. Lillich points out, *supra*, and as is expressly held in *People v. Clemente*, 285 App.Div. 258, 136 N.Y.S.2d 202 (1954), the concept of materiality in perjury law is something different than materiality in the evidentiary sense.

Perhaps the rule adopted by the majority was not quite so offensive in the days before jury trials were demandable as of right on a great number of issues or before due process of law required proof beyond a reasonable doubt on each essential element of the crime charged. But now, I am most persuaded by the reasoning of *Commonwealth v. McDuffee*, 379 Mass. 353, 398 N.E.2d 463 (1979), which is to the effect that recent expansion of constitutional rights requires a jury determination of the element of materiality in perjury.

In my view, the only reasons to make materiality a matter of law are for ease in administration and because we think that somehow the jury will have difficulty grappling with such a complex concept. I see this reasoning as beginning a dangerous trend, which, if carried to its logical conclusion, will only have the jury instructed on

one element for every crime: he [or she] did it. If the Legislature had wanted false swearing under oath to be punishable as perjury, it would not have burdened the statute with the additional requirement of materiality. The majority opinion holding otherwise, I respectfully dissent.