662 P.2d 1357

**STATE of New Mexico, Petitioner,**

v.

**Gene CRUZ, Respondent.**

**No. 14741.**

Supreme Court of New Mexico.

May 13, 1983.

Paul Bardacke, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for petitioner.

Michael Dickman, Appellate Defender, Lynne Corr, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

STOWERS, Justice.

This case arises from a grand jury indictment that preceded Gene Cruz's (Respondent) subsequent conviction of two counts of battery on a peace officer. Respondent argued that a defect in the grand jury proceedings required reversal of his conviction and sentence. The Court of Appeals agreed, reversed the trial court's denial of Respondent's motion to dismiss, reversed Respondent's convictions, and dismissed the indictment without prejudice. This Court granted certiorari, and we reverse the decision of the Court of Appeals.

We discuss one issue: whether the target of a grand jury investigation can frustrate the orderly presentation of the State's case by refusing to testify when a reasonable request has been made and a reasonable opportunity afforded to do so, and then claim he was deprived of the opportunity to testify before the grand jury.

The relevant facts of this case are as follows. Respondent was arrested on charges of aggravated battery upon two police officers contrary to Section 30–22–25, N.M.S.A.1978. On October 26, 1981, Respondent received a letter notifying him that he was the target of a grand jury investigation and that he had a right to appear and testify before the grand jury. See § 31–6–11(B), N.M.S.A.1978 (Cum. Supp.1982). On October 30, 1981, Respondent appeared at the courthouse in which the grand jury was convened. Respondent was not accompanied by an attorney when he appeared at the courthouse, and his testimony was inconsistent as to whether he was represented by counsel at the time of the grand jury presentment. According to the trial judge's oral findings of fact, however, Respondent "did in fact get advice from his attorney as to whether or not to appear before the grand jury * * *." The prosecutor presenting the case to the grand jury asked Respondent several times whether he wished to testify. Respondent repeatedly replied that he was unsure. He stated that he wanted to testify after another witness, Leland Cruz. The prosecutor replied that it

was his prerogative to determine the order of witnesses, and that if Respondent did not take immediate advantage of his opportunity to testify, he would not be allowed to testify at all. Respondent persisted in stating that he wanted to testify after Leland Cruz. Becoming impatient, the prosecutor said that Respondent had ten seconds in which to decide whether to testify or Respondent would be foreclosed from testifying. The prosecutor then "counted down" ten seconds on his watch and turned his attention to the next witness. Some time later, Respondent informed the prosecutor that he wished to testify, but the prosecutor replied that he had lost his opportunity to do so. Respondent was not allowed to testify.

Respondent filed a motion to dismiss his subsequent indictment on the grounds that he had been deprived of "a meaningful opportunity to testify" before the grand jury in violation of Section 31–6–11(B) and that "[b]ecause Respondent was not afforded said opportunity, he was denied the opportunity * * * to inform the prosecuting attorney of evidence directly negating the guilt of Respondent in violation of N.M.S.A. §§ 31–6–4(C) and 31–6–11(B) * * *." The trial court denied the motion to dismiss, finding that (1) Respondent was afforded ample opportunity to make up his mind about testifying; (2) the prosecutor "has to have the ability to be able to keep order in the grand jury room;" and (3) "to a large extent, this effort on the part of Gene Cruz was an effort to gull the District Attorney, and to gull the grand jury, and to try to create an error which did not exist * * *."

Following a trial on the merits, Respondent was convicted on two counts of aggravated battery on a police officer and found not guilty upon a third count. The Court of Appeals reversed the trial court's denial of the motion to dismiss, reversed Respondent's convictions, and dismissed the indictment without prejudice.

■ This case turns on interpretation of Section 31–6–11(B). That section provides that "[t]he target [of a grand jury investi-

gation] shall be notified of his target status and be given an *opportunity to testify,* if he desires to do so * * *." *Id.* (emphasis added). In addition to being given the opportunity to testify, a target must also be notified "in sufficient time to exercise his right to testify." *Rogers v. State,* 94 N.M. 218, 221, 608 P.2d 530, 533 (Ct.App.1980). In *Rogers,* the Court of Appeals held that the thirty-six hours provided by statute for witnesses subpoenaed to testify before grand jurors was sufficient time. *Rogers v. State, supra* at 221, 608 P.2d at 533; *see* § 31–6–12(A), N.M.S.A.1978 (Cum.Supp. 1982). The Respondent in the present case had four days notice, which was certainly sufficient time to exercise his right to testify. *Rogers v. State, supra.*

█ The next question is whether the prosecutor's conduct obstructed Respondent's opportunity to testify. Although the Court of Appeals held that the State had not met its burden of establishing that Respondent in fact had an opportunity to testify, the record discloses that Respondent was asked several times whether he wished to testify, but he refused to make a decision. While it is true that the prosecutor may not "juggle witnesses in order to keep out relevant testimony," *State v. Lampman,* 95 N.M. 279, 620 P.2d 1304 (Ct.App.1980), *overruled on other grounds, Buzbee v. Donnelly,* 96 N.M. 692, 701, 634 P.2d 1244, 1253 (1981), this does not suggest that the prosecutor may not exercise any control at all over the order of witnesses. In dealing with the grand jury, the prosecutor's duty is to protect both the public's interest and the rights of the accused. *State v. Hill,* 88 N.M. 216, 539 P.2d 236 (Ct.App.1975). As Section 31–6–7, N.M.S.A.1978 (Cum.Supp. 1982) provides, "The prosecuting attorney shall conduct himself in a fair and impartial manner at all times when assisting the grand jury." When no impermissible motive appears, we do not find the scheduling of witnesses to be inconsistent with this statutory duty. The record in this case discloses no ill motive on the part of the prosecutor. Moreover, there was nothing unreasonable in the prosecutor's assertion of the right to maintain order in the grand

jury proceedings. *See State v. Saiz,* 92 N.M. 776, 595 P.2d 414 (Ct.App.1979). Therefore, because Respondent was both notified of his target status and given an opportunity to testify, we find that the statutory requirements were met.

The judgment of the Court of Appeals is reversed, and Respondent's convictions are affirmed.

IT IS SO ORDERED.

PAYNE, C.J., and FEDERICI, J., concur.

RIORDAN, Justice, specially concurs.

SOSA, Senior Justice, respectfully dissents.

RIORDAN, Justice, concurring.

Although I concur in the result reached by the majority, I do so on a different ground.

I would hold that Respondent has waived any claimed error which occurred in the grand jury proceeding.

In determining Respondent's recourse, we should first look at New Mexico's Criminal Procedure Rule 7, N.M.S.A.1978 (Repl. Pamp.1980). Rule 7(a) states in part:

[An] indictment * * * shall not be deemed invalid, nor shall the trial, judgment or other proceedings thereon be * * in any manner affected, because of any defect, error * * * or repugnancy therein which does not prejudice the *substantial rights* of the defendant *upon the merits* * * *. [Emphasis added.]

Therefore, we should determine whether Respondent's *substantial rights upon the merits* are affected if he is not allowed to testify in front of the grand jury. "Substantial rights" are not enumerated by the rule. However, I would adopt the definition of "fundamental rights" as the standard under this rule. "Fundamental rights" are those rights equivalent to life, liberty or property. M. Forkosch, Constitutional Law § 390, at 407 (2d ed. 1969).

I do not believe that the statutory right of a target witness under the New Mexico statutory grand jury law rises to *substan-*

*tial right upon the merits.* Therefore, relief from this statutory right, should have been raised by Respondent at pre-trial by an interlocutory appeal or extraordinary writ in order for it to be properly reviewed.

Here we have a unanimous finding by a jury of twelve citizens of guilt beyond a reasonable doubt, N.M.R.Crim.P. 44, N.M.S. A.1978 (Repl.Pamp.1980), whereas the grand jury determination that Respondent wants re-litigated, only requires a finding of probable cause by eight of twelve jurors. § 31–6–10, N.M.S.A.1978 (Cum.Supp.1982).

Once an accused is found guilty, there is no need to question an indictment. *State v. Guse,* 237 Or. 479, 392 P.2d 257 (1964); *State v. Gortmaker,* 60 Or.App. 723, 655 P.2d 575 (1982). I would follow the view that the State of Oregon has adopted in the above cases, by following the reasoning of Justice Jackson's dissenting opinion in *Cassell v. Texas,* 339 U.S. 282, 302, 70 S.Ct. 629, 639, 94 L.Ed. 839 (1950).

> The grand jury is a very different institution. The States are not required to use it at all. (Citations omitted.) Its power is only to accuse, not to convict. Its indictment does not even create a presumption of guilt; all that it charges must later be proved before the trial jury, and then beyond a reasonable doubt. The grand jury need not be unanimous. It does not hear both sides but only the prosecution's evidence, and does not face the problem of a choice between two adversaries. Its duty is to indict if the prosecution's evidence, unexplained, uncontradicted and unsupplemented, would warrant a conviction. If so, its indictment merely puts the accused to trial. The difference between the function of the trial jury and the function of the grand jury is all the difference between deciding a case and merely deciding that a case should be tried.
>
> It hardly lies in the mouth of a defendant whom a fairly chosen trial jury has found guilty beyond a reasonable doubt, to say that his indictment is attributable to prejudice * * *. Under such circumstances, it is frivolous to contend that any grand jury, however constituted, could have done its duty in any way other than to indict.

The United States Supreme Court has not yet adopted Justice Jackson's view as stated in *Cassell v. Texas. Rose v. Mitchell,* 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979). However, both *Cassell v. Texas* and *Rose v. Mitchell,* dealt with the racially discriminatory fashion in the selection of a grand jury. The Supreme Court held that:

> [W]here sufficient proof of discrimination in violation of the Fourteenth Amendment has been made out and not rebutted, this Court uniformly has required that the conviction be set aside and the indictment returned by the unconstitutionally constituted grand jury be quashed. (Citation omitted.) (Footnote omitted.)

*Rose v. Mitchell, supra,* at 551, 99 S.Ct. at 2998.

However, when a grand jury violation has been asserted because of prosecutorial misconduct after a trial has found the accused guilty, a dismissal of an indictment has been considered an extraordinary remedy. *United States v. Broward,* 594 F.2d 345 (2d. Cir.), *cert. denied,* 442 U.S. 941, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979). *United States v. Thibadeau,* 671 F.2d 75, 77–78 (2d Cir. 1982), states:

> To dismiss an indictment because of misconduct means that even though a jury unanimously found the defendant guilty beyond a reasonable doubt—or as here, even though the defendant admitted his guilt—we should nevertheless void his conviction because the prosecution had made a misstep in obtaining a grand jury determination of probable cause. Justification for such action must be found not in any need for securing justice in the particular case, where the verdict supersedes the indictment, but rather in a desire to maintain proper prosecutorial standards generally. Hence, the sanction is reserved for 'very limited and extreme circumstances.' (Citation omitted.)

In conclusion, I would adopt for New Mexico, as did the Oregon Supreme Court,

the reasoning of Justice Jackson in *Cassell v. Texas,* and hold that once there has been a valid conviction, a defendant cannot question a grand jury proceeding.

SOSA, Senior Justice, dissenting.

I respectfully dissent. I agree with Judge Donnelly's opinion in the Court of Appeals that the appellant had a right to testify before the grand jury, that the state has not established a waiver of that right, and that the authority to deny a target witness's request to testify before a grand jury that is in session does not, in this instance, rest with the prosecutor.

The requirement of NMSA 1978, Section 31–6–11(B) (Cum.Supp.1982), that a target witness shall be given an opportunity to testify before the grand jury if he so desires is mandatory except in certain specified circumstances that are concededly not present here. *Rogers v. State,* 94 N.M. 218, 608 P.2d 530 (Ct.App.1980). This statutory right has been jealously guarded by our courts. In New Mexico a witness who testifies before a grand jury and subsequently becomes the focus of an investigation is entitled to testify again because he would otherwise be deprived of his right to testify in his capacity as a target witness. *State v. Gonzales,* 96 N.M. 513, 632 P.2d 748 (Ct. App.), *cert. denied,* 96 N.M. 543, 632 P.2d 1181 (1981).

The district attorney is required to exercise reasonable diligence in complying with the statute. *Rogers,* 94 N.M. 218, 608 P.2d 530. Furthermore, the prosecutor has an obligation to protect the rights of the accused as well as the public interest, *State v. Hill,* 88 N.M. 216, 539 P.2d 236 (Ct.App. 1975), and is required to conduct himself in a fair and impartial manner. NMSA 1978, § 31–6–7 (Cum.Supp.1982). I do not believe that the prosecutor's behavior in allowing the witness only ten seconds in which to decide whether to testify or not and in refusing the witness's request to testify a few moments later, after only one other witness had appeared before the grand jury, was reasonable, fair, or necessary for the protection of the public interest.

"The grand jury is not, and should not be, the tool of the prosecuting attorney to manipulate at will." *Davis v. Traub,* 90 N.M. 498, 500, 565 P.2d 1015, 1017 (1977). For this Court to accede to such conduct on the part of a prosecutor is to authorize and, indeed, to invite the district attorney to use the grand jury as a tool of the prosecution.

For the above reasons, I respectfully dissent.