717 P.2d 1119

Valentine "Tiny" ANAYA, Petitioner,

v.

STATE of New Mexico, Respondent.

No. 15960.

Supreme Court of New Mexico.

April 17, 1986.

Scott McCarty, Albuquerque, for petitioner.

Steve Sanders, Dist. Atty., Alamogordo, for respondent.

OPINION

SOSA, Senior Justice.

Petitioner, Valentine "Tiny" Anaya (Anaya), the City Clerk at Socorro, New Mexico, was the subject of three indictments for making or permitting false public vouchers, returned by a grand jury convened as a result of filing of citizen petitions. Anaya moved to dismiss the indictments. The district court denied the motion by interlocutory order. The court of appeals summarily denied Anaya's application for leave to file an interlocutory appeal. We granted certiorari and now reverse and remand to the court of appeals to entertain the interlocutory appeal.

Anaya's challenges to his indictments raise two issues:

1. Whether the indictments were invalid because several of the grand jurors were baised against persons in city government, and expressed that bias to the other jurors before any evidence had been presented;

2. Whether the actions of the prosecutor toward the target witnesses and excluding evidence directly negating guilt infringed on the independent judgment of the grand jurors to the extent of demonstrable prejudice in the result.

FACTS

After a hotly contested local government "non-partisan" election, the Socorro County District Attorney's Office drafted a petition which was circulated by members of the losing party. The petitions sufficed for the District Court for Socorro County to convene a grand jury. Anaya was one of several target witnesses. In addition, he testified in response to subpoenas *duces tecum* regarding documents officially (but not in fact) within his custody as City Clerk of Socorro.

Anaya's petition recites that one grand juror, discharged after a few meetings,

stated that three or four of the original grand jurors were biased against the targeted city employees before presentation of any evidence. It appeared that these grand jurors, speaking to the entire panel of their personal sentiments, attempted to influence the remaining grand jurors.

The target notices received by Anaya contained the following warning.

As a target of this investigation, you have an opportunity to testify before the grand jury, if you desire to do so. Before you testify, you are hereby advised that you have a constitutional right to remain silent, and that anything you do say during the testimony before the grand jury *can and will be used against you* in any future proceedings (emphasis added).

When Anaya did appear, he was led to believe that he could not present his own statement or explanation of the allegations against him. This impression was confirmed by the very next target witness who told Anaya that he had not been permitted to present his own version of the facts, but was told that he was only there to answer questions.

Anaya had prepared a written and documented explanation of two of the matters, which he had supplied to investigators for the Attorney General. Anaya also explained that the third matter was the result of a mistake by the voucher preparer, the city purchasing agent.

The prosecutor evidently withheld from the grand jury Anaya's written statement. He advised the grand jury that Anaya's claim of mistake would be inadmissible as hearsay, and also immaterial. The prosecutor also indicated that testimony by the purchasing agent would also be inadmissible as hearsay.

Anaya's first contention is that the indictments are invalid because at least one of the grand jurors may have been so prejudiced as to be ineligible (NMSA 1978, § 31–6–3(B)(Repl.Pamp.1984) because they were incapable of following the juror oath, to wit: "that you shall indict no person

through malice, hatred or ill will." NMSA 1978, § 31–6–6(A)(1)(Repl.Pamp.1984).

Likewise, Anaya contends that the prosecutor clearly violated his statutory mandate, which requires that he *"shall* present evidence that directly negates the guilt of the target where he is aware of such evidence." NMSA 1978, § 31–6–11(B)(Repl.Pamp.1984)(emphasis added).

Without reaching the merits of Anaya's contentions, we nevertheless conclude that they would, if proven to be flagrant overreaching of the grand jury, or a significant infringement on the ability of the grand jury to exercise its independent judgment, result in dismissal of the indictments. At the very least, they raise the issue of demonstrable prejudice to the defendant, and deserve a full review on interlocutory appeal. *See Buzbee v. Donnelly*, 96 N.M. 692, 634 P.2d 1244 (1981).

The judgment of the court of appeals is reversed, and the matter is remanded to the court of appeals to allow an interlocutory appeal to address the issues raised therein.

IT IS SO ORDERED.

FEDERICI and WALTERS, JJ., concur.

RIORDAN, C.J. and STOWERS, J., specially concur.

RIORDAN, Chief Justice, and STOWERS, Justice (concurring in the result).

We concur with this Court's order that the Court of Appeals grant the interlocutory appeal. We advocate the pre-trial review of challenges such as this to a grand jury indictment. *See State v. Cruz*, 99 N.M. 690, 662 P.2d 1357 (1983), (special concurring opinion).

We, however, cannot concur with the majority's opinion because it contains the following language:

Without reaching the merits of Anaya's contentions, we nevertheless conclude that they would, if proven to be flagrant overreaching of the grand jury, or a significant infringement on the ability of the grand jury to exercise its inde-

pendent judgment, result in dismissal of the indictments. At the very least, they raise the issue of demonstrable prejudice to the defendant, and deserve a full review on interlocutory appeal.

We believe it is inappropriate for this Court to make such statements in determining whether or not the Court of Appeals should grant the interlocutory appeal. That court is well able to properly review the issues raised in the case and make an appropriate decision.