720 P.2d 1256

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**John ALBIN, Defendant-Appellant.**

No. 8597.

Court of Appeals of New Mexico.

May 8, 1986.

Certiorari Denied June 11, 1986.

---

Paul G. Bardacke, Atty. Gen., and Carol Vigil, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Scott McCarty and Joseph William Reichert, Albuquerque, for defendant-appellant.

## OPINION

DONNELLY, Judge.

Defendant appeals his conviction for perjury. The appeal raises three issues: (1) materiality of defendant's alleged false statements; (2) necessity of according defendant target status before the grand jury; and (3) claim of prosecutorial misconduct. We affirm. Other issues raised in the docketing statement but not briefed are abandoned. *State v. Gammill*, 102 N.M. 652, 699 P.2d 125 (Ct.App.1985).

In June 1984, pursuant to a petition filed by a number of citizens of Socorro County, a grand jury was convened to investigate charges of alleged misconduct incident to municipal purchasing and claims of misuse of equipment, supplies, personnel and funds of the City of Socorro.

Testimony presented before the grand jury indicated that Frank Padilla, owner of H & L Machinery, Inc. of Albuquerque (H & L Machinery), had sold a paving machine to the city for $22,500, and that Pat Apodaca, the city purchasing agent, had recommended that the bid submitted by H & L Machinery, Inc., be accepted. An investigation subsequently revealed that Padilla had originally purchased the machine for $6,000 and that Apodaca had received a kickback from Padilla following the purchase of the machine by the city.

On September 5, 1984, defendant was subpoenaed to testify before the grand jury as a witness in connection with the purchase of the asphalt paving machine by the City of Socorro from H & L Machinery. During his grand jury testimony, defendant admitted that he had prepared a written appraisal of the asphalt machine, indicating that the retail value of the machine was $32,000 and that the machine had a wholesale value of $25,000.

In his testimony before the grand jury, defendant related that he had prepared his appraisal of the paving machine at the request of Marvin McDaniels, a Socorro City Councilman, who subsequently died. Defendant expressly denied that he had made the appraisal for Padilla.

Subsequent to defendant's testimony, investigators learned that Padilla had approached Pat Higdon, an Albuquerque businessman, and requested that he prepare an appraisal of the paving machine. Higdon related that Padilla had informed him of the amount that he desired the appraisal to indicate the machine was worth. Higdon refused to prepare the appraisal for Padilla. Investigators also learned from Higdon and Nelson McCamey that defendant had privately admitted to them that he had prepared the appraisal for Padilla, and that Padilla had told him the amount at which the machine should be valued.

Defendant was subsequently charged with and convicted of perjury on the basis that he had falsely testified as to a material matter before the grand jury.

## I. MATERIALITY OF DEFENDANT'S STATEMENTS

Defendant filed a motion to dismiss the perjury charge against him, contending that the alleged perjurious statement was not material to any issue incident to the grand jury's investigation. In advancing this contention, defendant complained that the trial court erred in not allowing him to present testimony and evidence bearing upon the issue of whether his statements to the grand jury (concerning who had requested the appraisal), were material to the grand jury's investigation. Defendant also asserts that the trial court improperly decided the materiality of his alleged false statements without receipt of any evidence on this issue.

In *State v. Gallegos*, 98 N.M. 31, 644 P.2d 545 (Ct.App.1982), this court enumerated the elements of perjury, determining that the offense consisted of: (1) a false statement; (2) under oath or affirmation; (3) material to the matter involved; (4) made in a judicial proceeding or other official proceeding; (5) knowing the statement to be untrue. *See also State v. Watkins*, 92 N.M. 470, 590 P.2d 169 (Ct.App.1979); NMSA 1978, § 30–25–1 (Repl.Pamp.1984).

In *Gallegos*, following the majority rule, we held that determination of the element of materiality is a question of law to be decided by the trial court and not a factual issue determinable by a jury. *See also Carroll v. United States*, 16 F.2d 951 (2d Cir.), *cert. denied*, 273 U.S. 763, 47 S.Ct. 477, 71 L.Ed. 880 (1927). The court in *Gallegos*, quoting with approval from 22 A.L.R.Fed. 379, 383 (1975), also observed that: " 'False testimony is material if it has the capacity or tendency to influence the decision of the tribunal or ... investigative body, or to impede the proceeding, with respect to matters which such tribunal * * is competent to consider.' " 98 N.M. at 32, 644 P.2d at 546.

Defendant, although conceding that the decision in *Gallegos* is contrary to his contention on appeal, contends that even if the question of materiality may properly be decided by the trial court, the court, nevertheless, erred in undertaking to adjudicate this issue in a vacuum, without allowing the presentation of evidence or testimony thereon.

Defendant's argument on this issue invokes a key question concerning what evidentiary or factual basis must be presented as to a matter which is properly determined by the court as a question of law.

■ We agree that the issue of materiality may not be decided abstractly, without evidence or a proper factual basis before the court. *See United States v. Armilio*, 705 F.2d 939 (8th Cir.), *cert. denied*, 464 U.S. 891, 104 S.Ct. 235, 78 L.Ed.2d 227 (1983). However, in the case before us, examination of the record reveals that the trial court's ruling on the issue of material-ity followed an extensive evidentiary hearing on defendant's initial motion to dismiss the indictment. At this hearing, evidence was elicited concerning the basis for the petition prompting the grand jury investigation, the substance of defendant's testimony, and the evidence concerning the general focus of the grand jury proceedings. Following a hearing on defendant's pretrial motion to dismiss, the court ruled that the issue as to the materiality of defendant's allegedly perjured testimony was properly determinable by the court as a matter of law. The court also ruled that defendant's allegedly perjured statement was material in that it tended to thwart the purpose of the grand jury's inquiry because it served to lead the grand jury away from Padilla and to McDaniel, thereby hindering the investigation concerning the city's purchase of the paving machine.

■ The matters presented at the February 5th hearing provided the court with an appropriate basis upon which to make its determination as to materiality. The court heard the purpose for which the grand jury was called, and also heard evidence as to the reason of the investigation. Significantly, the trial court also had before it the order convening the grand jury which specified the issues the grand jury was directed to investigate. Additionally, the testimony and evidence adduced at trial provided the court with an additional factual predicate. *See United States v. Jackson*, 640 F.2d 614 (8th Cir.), *cert. denied*, 454 U.S. 1057, 102 S.Ct. 605, 70 L.Ed.2d 594 (1981) (court had before it information presented at a motion in limine, information from a transcript that was before the court, and records from a court file in a prior case); *United States v. Dipp*, 581 F.2d 1323 (9th Cir. 1978), *cert. denied*, 439 U.S. 1071, 99 S.Ct. 841, 59 L.Ed.2d 37 (1979) (court had information and records available upon which to base its finding of the materiality of the statements of the accused).

■ In order for the trial court to make a determination of materiality as a matter of law of an allegedly perjured statement,

all that is needed, by way of evidentiary support, is the text of the statement and knowledge of the principal issue in the judicial proceeding in which the statement was made. Since materiality is properly determinable as an issue of law, there cannot appropriately be any evidentiary or factual burden. *United States v. Watson,* 623 F.2d 1198 (7th Cir.1980). *See also United States v. Berardi,* 629 F.2d 723 (2d Cir.), *cert. denied,* 449 U.S. 995, 101 S.Ct. 534, 66 L.Ed.2d 293 (1980); *State v. Occhipinti,* 358 So.2d 1209 (La.1978).

Defendant also contends that the trial court erred in not permitting him to present evidence concerning the lack of materiality of his allegedly untruthful statements given to the grand jury. The record indicates that defendant was accorded the opportunity to present this evidence concerning the materiality of his testimony to the court. He was not entitled to present this evidence directly to the jury. Our review of the record indicates that the trial court did consider his tender prior to making its final ruling on the question of materiality.

## II. NOTICE OF TARGET STATUS

Defendant asserts that the charge against him should have been dismissed because he was subpoenaed to testify before the grand jury and was not notified pursuant to NMSA 1978, Section 31–6–4 (Repl.Pamp.1984), of his target status. Defendant contends he was, in fact, a target of the grand jury and that he should not have been forced to testify without his attorney being present.

In advancing this argument, defendant relies upon the provisions of NMSA 1978, Sections 31–6–4 and –11(B) (Repl.Pamp. 1984), which provide that a person who is under investigation by a grand jury shall be notified of his target status and that the target defendant may have his attorney present with him when he appears to testify before the grand jury. Defendant also argued before the trial court that he was entitled to the protection of NMSA 1978, Section 31–6–12(B) (Repl.Pamp.1984), specifying that a target defendant shall be notified that the grand jury is considering charges against him; he has a right to appear and testify; and he has a right to have his attorney present if he elects to testify.

The appellate court views the evidence in the light most favorable to the decision below, resolving all conflicts and indulging in all inferences in favor of the trial court's decision. *State v. Boeglin,* 100 N.M. 127, 666 P.2d 1274 (Ct.App.1983). Under this standard of review, there was ample evidence upon which the trial court could have found that defendant was not the focus of the investigation at the time he was subpoenaed to testify.

Defendant's argument that he was entitled to notice that he was a target of the grand jury investigation, is without merit. Under the facts herein, the prosecutor could not reasonably have anticipated that defendant would perjure himself before the grand jury. Defendant could not have been designated as a target defendant for the crime of perjury at a time when the offense had not yet been committed. Under Section 31–6–12(B), a "target witness" is anyone who is the principal focus of a grand jury's investigation. *State v. Hall,* 103 N.M. 207, 704 P.2d 461 (Ct.App.1985); *State v. Gonzales,* 96 N.M. 513, 632 P.2d 748 (Ct.App.1981). *Cf. State v. Cruz,* 99 N.M. 690, 662 P.2d 1357 (1983); *Rogers v. State,* 94 N.M. 218, 608 P.2d 530 (Ct.App. 1980). The requirement of a targeting notice does not necessarily and automatically apply to every witness who is called to testify before the grand jury.

The trial court did not err in denying defendant's motion to dismiss the indictment based upon defendant's claim he was not notified he was a target defendant.

## III. CLAIM OF PROSECUTORIAL MISCONDUCT

Defendant contends that the prosecutor engaged in a continuing course of misconduct, citing five discrete instances. Defendant also asserts that the cumulative

effect of this alleged misconduct deprived him of a fair trial.

We review each of defendant's contentions. First, defendant asserts that the prosecutor charged Frank Padilla, with the offense of fraud, four days before the commencement of defendant's trial, thereby enhancing the probability that Padilla might not testify as a witness on defendant's behalf. Second, defendant argues that during closing argument, the prosecutor made the statement: "Why isn't Padilla here?" This comment came after Padilla notified defendant that he would elect to invoke his fifth amendment rights if he was subpoenaed to testify at defendant's trial. Third, defendant adverts to the same arguments raised by him under Point II of this appeal, contending that the prosecutor resorted to sophistry to avoid serving him with a target notice incident to his grand jury testimony. Fourth, defendant contends that the prosecutor filed an affidavit in support of a "search warrant" [sic] [arrest warrant] [1], containing factual misstatements, and that when challenged on these matters, the prosecutor thereafter sought to retract several of the assertions contained in the warrant. Fifth, defendant contends that the prosecutor tried to dissuade the grand jury from targeting Frank Padilla as a defendant in its investigation, in order to make it appear that defendant's testimony was material and impeded the grand jury's investigation.

■ Each of defendant's claims of prosecutorial misconduct is without merit. The charging of Padilla with the offense of fraud, shortly before defendant's trial was not shown to have been timed by the state in order to deliberately deprive defendant of the testimony of a potential defense witness. Padilla had been originally designated as a target witness by the grand jury during its investigation, and he was the principal individual being investigated by that body. Moreover, Padilla had a right to invoke his fifth amendment privilege, if

subpoenaed by defendant as a witness, irrespective of whether he had been formally charged with commission of a crime, prior to defendant's trial.

The comment of the prosecutor, concerning the absence of Padilla, which was cited by defendant as prejudicial, occurred during closing argument by the state. The prosecutor argued to the jury that defendant knew that his grand jury testimony was untrue because defendant had admitted to Higdon and McCamey that he had prepared the appraisal for Padilla and that Padilla had even instructed him as to the value which the appraisal should indicate. The prosecutor then said, "Padilla told him what figures to put in." Defendant objected to this remark of the prosecutor on the ground that Padilla was not a witness at defendant's trial, and, unless the state wished to call Padilla as a witness, he was not before the court.

In response to defendant's objection, the prosecutor remarked that his references during argument referred to the actual testimony which had been given by Higdon. The trial court overruled defendant's objection. Thereafter, the taped record indicates that an unidentified person remarked: "Why isn't Padilla here?" Even if we assume that this statement was made by the prosecutor, defendant did not object to this remark, and the prosecutor then completed his initial closing argument. *See State v. Ruffino*, 94 N.M. 500, 612 P.2d 1311·(1980); *State v. Victorian*, 84 N.M. 491, 505 P.2d 436 (1973). In order to preserve error for appeal, a timely objection is necessary. *Id.*

■ Following the bench conference, the trial court instructed the jury that there had been a reference to Padilla's absence, and that the jury should not speculate as to why Padilla did not testify in the case. This cautionary instruction had a curative effect. *See State v. Vialpando*, 93 N.M. 289, 599 P.2d 1086 (Ct.App.1979).

---

**1.** The warrant, although referred to in defendant's brief-in-chief as a "search warrant," was in actuality an arrest warrant for defendant.

**321**

The trial court has wide discretion in controlling arguments. *See State v. Pace,* 80 N.M. 364, 456 P.2d 197 (1969). The trial court did not err in refusing to allow further comment by the defense on the matter which was initially placed before the jury by defendant's objection.

Defendant also complains that the prosecution included in an affidavit for the search warrant [sic], [arrest warrant], which the state had prepared in contemplation of obtaining defendant's arrest, statements which were in fact untrue. The portions of the warrant which were alleged by defendant to be untrue were based on information obtained by the prosecutor from two investigators. The arrest warrant was never served upon defendant due to defendant's voluntary appearance. Moreover, other portions of the warrant, not challenged by defendant, contained sufficient statements to support the issuance of the warrant. Under these facts, we find no prejudice to defendant.

Additionally, defendant argues that the prosecutor improperly attempted to dissuade the grand jury from targeting Frank Padilla in order to indicate that defendant's testimony was material to its investigation. We disagree. The record indicates that Padilla was in fact given notice by the prosecutor that he was a target witness in the grand jury investigation. Moreover, a defendant convicted following a fair trial, cannot complain of alleged defects in the grand jury process which do not impede defendant's right or opportunity to testify before the grand jury or which have not resulted in material prejudice to the defendant. *See State v. Cruz.*

Defendant was not deprived of a fair trial on the basis of the actions of the prosecutor.

Finding no error, we affirm the judgment and sentence of the trial court.

**IT IS SO ORDERED.**

BIVINS, J., concurs.

HENDLEY, C.J., dissents.

HENDLEY, Chief Judge (dissenting).

I dissent for the reasons set forth in my dissent in *State v. Gallegos,* 98 N.M. 31, 644 P.2d 545 (Ct.App.1982), and would remand for a new trial to have the jury determine materiality. I need not reach the other issues.