This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                            **NO. 32,206**

**JOSH BARTLETT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals from the district court's order revoking his probation, denying his motion to clarify (or limit) the probationary period, and ordering him to serve 301 days in the Metropolitan Detention Center, followed by a new five-year probationary period. Defendant challenges this sentence on grounds that it exceeds his total sentence exposure from the underlying judgment and sentence. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition in response to our notice. We have considered Defendant's response and remain unpersuaded that Defendant has demonstrated error. We therefore affirm.

In his response to our notice, Defendant contends that his original judgment and sentence included too much time on his suspended sentence, because it should have reflected the fact that the district court necessarily ran his armed robbery sentences with firearm enhancements fully or partially concurrently, rather than consecutively, as the district court stated. [MIO 9-14] Defendant reasons as follows. The district court sentenced him to nine years for two counts of armed robbery, both with firearm enhancements. [CR-1999-3910 RP 94 (hereinafter "RP")] Each conviction for armed robbery with the firearm enhancement carries a sentence of ten years. *See* NMSA 1978, § 31-18-15(A)(6) (2007) (stating that a second degree felony carries a sentence

2

of nine years); NMSA 1978, § 31-18-16(A) (1993) (stating that the use of a firearm in the commission of noncapital felony carries a mandatory one-year enhancement to the basic sentence to be served first, and it shall not be suspended or deferred). Defendant maintains that sentences may not be fragmented and that therefore each firearm enhancement must be served with each basic sentence for armed robbery. [MIO 4-9] Defendant states that because the district court sentenced him to serve nine years in prison for both armed robbery convictions with the firearm enhancements, and because the firearm enhancement must be served first, must not be suspended, and must be followed by the basic sentence, the district court's judgment and sentence ordering that the sentences be served consecutively is incorrect; the district court could only order that the convictions be served, at least partially, concurrently. [MIO 5-9; RP 94] As a result, Defendant argues that his suspended sentence was too long, because it incorporated the armed robbery sentence that was necessarily ordered to be served concurrently to the other one. [MIO 9-16]

We do not agree with Defendant's premise that the original judgment and sentence can only be reconciled with Section 31-18-16(A) by running the two enhanced armed robbery sentences at least partially, if not wholly, concurrently. [MIO 6-7] Even assuming that Defendant is correct that the firearm enhancement must be served immediately before the basic sentence, which the case law Defendant

3

cites does not squarely state, we see no reason why the district court would be prohibited from suspending part or all of the basic sentences for armed robbery. The Legislature has stated clearly that district courts have the authority and discretion to suspend all or part of the execution of a sentence unless the defendant has been convicted of a capital felony or a first degree felony. *See* NMSA 1978, § 31-20-3(B) (1985). In addition, this Court has viewed the firearm enhancement statute and stated the following: "the basic sentence in the firearm enhancement section can be suspended or deferred. We see no policy reason or glean any legislative intent to prohibit the altering of the basic sentence." *State v. Russell*, 94 N.M. 544, 545, 612 P.2d 1355, 1356 (Ct. App. 1980).

Based on these principles, the district court acted well within its discretion by ordering that Defendant serve the mandatory firearm enhancements, and either suspending part of both basic sentences or suspending all of one basic sentence and two years of the other basic sentence, and ordering that the sentences be served consecutively. We see nothing in the statutes or Defendant's argument that would prohibit this result, and it is consistent with the restrictions of the firearm enhancement statute, Section 31-18-16(A), and the court's discretion to suspend all or part of sentence for a noncapital, second degree felony under Section 31-20-3(B).

For these reasons, we affirm the district court's order.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**