498 P.2d 693

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Raymond Madrid VALLES, Defendant-Appellant.**

No. 840.

Court of Appeals of New Mexico.

June 9, 1972.

Philip W. Steere, Las Cruces, for appellant.

David L. Norvell, Atty. Gen., Thomas L. Dunigan, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

Convicted of aggravated battery (§ 40A–3–5, N.M.S.A.1953 (Repl.Vol.1964, Supp. 1971), defendant appeals asserting there was no substantial evidence of intent to support the conviction.

We affirm.

Section 40A–3–5, supra, states in part that:

"Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another. . . ."

■ Intent to injure is required by the statute. See State v. Vasquez, 83 N.M. 388, 492 P.2d 1005 (Ct.App.1971). Intent to injure need not be established by direct evidence but may be inferred from conduct and the surrounding circumstances. See State v. Montoya, 77 N.M. 129, 419 P.2d 970 (1966).

■ In viewing the evidence and the reasonable inferences that flow therefrom in the light most favorable to support the verdict (State v. Gregg, 83 N.M. 397, 492 P.2d 1260 (Ct.App.1972)) the testimony of the victim discloses the following:

"A. I don't know, he was too drunk. Anyway I thought he was too drunk. Anyway, something was wrong with me—not with me, it was everybody and then he told me to step outside with him, he was going to let me have it, he was going to kill me in other words. I said no. He said if I wouldn't step outside he would just let me have it right there. So I said if you're going to let me have it here, step outside, so I went outside and he put his hands in his pocket, I tried to grab him and I went down on my knees and when he turned around he went about 25 feet away and when I turned around he shot me. I felt a shot, I didn't see him shoot me. At that moment I fell about five feet towards his car and I tried to get ahold of the car to hide myself.

"Q. Was there a car there?

"A. Yeah, just on the sidewalk, quite a few cars there.

"Q. Yes, sir?

"A. Then my mother was coming. When my mother, he told me something.

"Q. He said something to your mother?

"A. No, she said something to him and then he pointed the gun at my mother, I was looking at them and then I yelled at him, start cussing him out, I told him not to shoot her.

"Q. This was after you had been hit once?

"A. That's right, and then when he still saw me holding up, still standing by his car, he shoot [sic] me again after that and it came through this side and through here (indicating)."

The foregoing is substantial evidence of an intent to injure.

Affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.