671 P.2d 46
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Robert FOYE, Defendant-Appellant.**

**No. 7217.**

Court of Appeals of New Mexico.

Oct. 4, 1983.

Janet Clow, Chief Public Defender, Henry R. Quintero, Asst. Appellate Defender, Santa Fe, Nancy E. Rae, Albuquerque, for defendant-appellant.

Paul Bardacke, Atty. Gen., Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

NEAL, Judge.

█ Defendant appeals from convictions of one count of attempted criminal sexual penetration (Count I) and one count of criminal sexual penetration (Count II). Two issues were initially raised in the docketing statement, however, one was not briefed and is therefore abandoned. *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

The issue briefed is:

Whether defendant had a right to severance of Counts I and II when he alleged that he wished to assert his right to remain silent as to one count, but wished to assert his right to present a defense as to the second count charged and whether denial of his Motion for Severance led to inherent prejudice to his right to a fair trial under the United State's [sic] and New Mexico Constitutions.

Defendant lived in an apartment with a family known as the Jeters. The victim in Count I also lived in this apartment. The victim was afraid of the defendant. On October 5, 1982, the Jeters left the defendant and the victim alone in an apartment. The victim and defendant got into an argument over money which resulted in a struggle. The struggle culminated with defendant ejaculating on the victim. The victim described this as an attempted rape.

In Count II the victim lived in a neighboring apartment and on October 22, 1982, defendant came into her apartment through an open window. When she realized who it was she invited him into the apartment. She knew that he had a crush on her. He asked permission to sleep in her apartment and the victim agreed. They began watching television and talking and after several hours defendant began making sexual advances. The victim resisted but defendant persisted, putting his finger in her vagina. She continued to object and defendant stopped.

Defendant failed to take the stand or present independent evidence in his defense. There was evidence that he was intoxicated. We glean from the closing argument made by his attorney that defendant's theory of defense was that the victim in Count I fabricated her story, and as to Count II defendant was merely making advances which he stopped when the victim objected.

Prior to trial defendant filed a motion to sever the counts. The motion pointed out that the counts involved different victims, dates and places. It alleged three items of prejudice. First, evidence of the other crime would not be admissible under NMSA

1978, Evid.R. 404 (Repl.Pamp.1983). Second, joinder denied defendant his right to testify on one count and exercise his privilege against self-incrimination on the other. Third, the jury would cumulate the evidence and find defendant guilty because he appeared to be a bad person. During argument of the motion defendant concentrated his argument on the first and third issues of prejudice. Part of the State's argument was devoted to the requirement of joinder and the efficiency of trying the cases together. The court denied the defendant's motion, as well as his renewed motion.

Defendant's comments at trial never specifically alleged a desire to testify on one count, but remain silent on the other. The only reason given was that defendant would be embarrassed or confounded in presenting his defense. The State initially argued that defendant waived his severance-related issue briefed on appeal. We believe that the ruling on the issue defendant raised on appeal was fairly invoked in the trial court by defendant's written motion and the State's oral response. As a legal issue, however, defendant's severance issue lacks merit.

Defendant's legal issue is whether a severance is required when he simply wants to testify on one count but not on the other. Defendant recognizes that *State v. Montano,* 93 N.M. 436, 601 P.2d 69 (Ct.App.), *cert. denied,* 93 N.M. 683, 604 P.2d 821 (1979) and *State v. Blakley,* 90 N.M. 744, 568 P.2d 270 (Ct.App.1977), appear to control this issue. *See also State v. Burdex,* 668 P.2d 313 (Ct. App.1983); *State v. Silver,* 83 N.M. 1, 487 P.2d 910 (Ct.App.1971). Defendant distinguishes *Blakley* on the ground that the counts in *Blakley* all arose out of one transaction and evidence of all counts would be admissible in a separate trial on one count. Defendant distinguishes *Montano* on the ground that its severance motion in the trial court was not in proper form to raise the issue of prejudice stemming from testifying on one but not all counts.

Concerning the severance issue, *Montano* is not based solely on the defendant's fail-

ure to properly present the issue to the trial court. The opinion gives a number of reasons why the denial of severance was not error. *Blakley* did not discuss whether severance would be required if the counts referred to separate transactions.

Defendant relies on *Cross v. United States,* 118 U.S.App.D.C. 324, 335 F.2d 987 (1964). *Cross* states that prejudice may develop when an accused wishes to testify on one but not the other of two joined offenses which are clearly distinct in time, place and evidence. There appear to be two reasons for the "clearly distinct in time, place and evidence" requirement.

The first reason concerns prejudice arising from the State's case. If the evidence is not distinct, but rather part of the same transaction, it is likely that the evidence of the other crime will be admissible under one of the exceptions in NMSA 1978, Evid.R. 404(b); *United States v. Foutz,* 540 F.2d 733 (4th Cir.1976). *See State v. Riley,* 32 N.M. 83, 251 P. 384 (1926).

The second reason concerns self-incrimination. If the evidence is not distinct, but is rather part of the same transaction, a defendant, by testifying as to one count, would as a matter of law waive his privilege as to the other counts. This is because he waives his privilege as to matters reasonably related to the subject matter of his direct examination. *State v. Allen,* 91 N.M. 759, 581 P.2d 22 (Ct.App.), *cert. denied,* 91 N.M. 751, 580 P.2d 972 (1978). If the counts are part of the same transaction, they are reasonably related.

■ As defendant points out, this case stands in contrast to *Blakley, Montano, Silver* and *Martinez* in that here there are two distinct counts. Defendant makes the statement that because of this separateness, evidence of one crime would be irrelevant in the trial of the other. Because this was the main reason "argued" to the trial court in support of a severance, *see State v. McGill,* 89 N.M. 631, 556 P.2d 39 (Ct.App. 1976), and because defendant on appeal does not review the evidence so as to show a violation of Rule 404(b), *see Montano,* we consider this claim abandoned. *State v.*

*Reese,* 91 N.M. 76, 570 P.2d 614 (Ct.App. 1977); *State v. Padilla,* 88 N.M. 160, 538 P.2d 802 (Ct.App.), *cert. denied,* 88 N.M. 318, 540 P.2d 248 (1975). Additionally, based on the evidence and theory of the defense outlined, the evidence of the other crimes would be admissible to show intent or lack of mistake. Rule 404(b). Because defendant admitted struggling with the first victim and making advances to the second, the evidence of the other charge shows the intent on both occasions to commit criminal sexual penetration.

■ As to the admissibility-of-evidence rationale supporting joinder, we are left with the self-incrimination rationale to see if severance was required. If defendant testified as to one count, he would not necessarily waive his privilege as to the other count as did the defendants in prior cases with counts arising from one transaction. Defendant's claim that he would be subject to cross-examination on the other count is not supported by authority. The prejudice in this case would arise from the stark contrast of testifying in front of the jury as to one count and remaining silent as to the other. In other words, defendant's testimony on one count highlights his exercise of his rights on the other. As stated in *Blakley* this is not a basis for severance. NMSA 1978, Crim.P.R. 34 (Repl.Pamp. 1980).

■ Nor are we persuaded that *Cross* warrants severance. The cases following *Cross* have severely limited it. The State correctly points out that as to counts distinct in time, place and evidence, it is not enough that defendant simply asserts a desire to testify on one but not all counts. *Baker v. United States,* 401 F.2d 958 (D.C. Cir.1968), noted that to require an automatic severance when a defendant alleges that he will be confounded in presenting his defense would remove all discretion from the trial court and entrust the granting of a severance solely to defendant. The District of Columbia Circuit revised its decision in *Cross* stating:

> [N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of "economy and expedition in judicial administration" against the defendant's interest in having a free choice with respect to testifying.

*Baker,* 401 F.2d at 977. Other courts have followed this language. *United States v. Outler,* 659 F.2d 1306 (5th Cir.1981), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1453, 71 L.Ed.2d 665 (1982); *United States v. Reicherter,* 647 F.2d 397 (3rd Cir.1981); *State v. Roberts,* 62 Ohio St.2d 170, 405 N.E.2d 247, *cert. denied,* 449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102 (1980). In this case, defendant made no showing such as is required by the above cases. We feel that under *Blakley* the court did not err in denying the motion for severance.

Defendant's convictions are affirmed.

IT IS SO ORDERED.

WALTERS, C.J., and DONNELLY, J., concur.