699 P.2d 125

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Rex Lee GAMMILL, Defendant-Appellant.**

**No. 7686.**

Court of Appeals of New Mexico.

Decided Feb. 7, 1985.

Certiorari Denied March 5, 1985.

Paul G. Bardacke, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet E. Clow, Chief Public Defender, Lewis Fleishman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

MINZNER, Judge.

Defendant appeals his convictions of aggravated battery and assault on a peace officer, each with a firearm, claiming that joinder was improper under NMSA 1978, Crim.P. Rule 10 (Repl.Pamp.1980) and that the lower court erred in denying his motion for severance under NMSA 1978, Crim.P. Rule 34 (Repl.Pamp.1980). He also claims error in the trial court's refusal to instruct the jury on battery and on self-defense. Other issues, listed in the docketing statement but not briefed, are considered abandoned. *State v. McGuinty*, 97 N.M. 360, 639 P.2d 1214 (Ct.App.1982). We affirm.

## SEVERANCE

The severance claims are based on the fact that the offenses were committed on different dates, with different victims. The aggravated battery occurred on April 2, 1983; the victim was Webber. The peace officer assault occurred on April 9, 1983; the victim was Officer Gouch.

On appeal defendant has claimed improper joinder under two different rules. Prior to trial, however, defendant moved to sever only under Rule 34. Rules 10 and 34, like their federal counterparts, Fed.Rules Crim.P. 8(a) and 14, are often treated interchangeably, but the two rules differ in

function. *See United States v. Werner*, 620 F.2d 922 (2d Cir.1980).

Rule 10, which is similar to federal Rule 8(a), provides:

Two or more offenses shall be joined in one complaint, indictment or information with each offense stated in a separate count, if the offenses, whether felonies or misdemeanors or both: (1) are of the same or similar character, even if not part of a single scheme or plan; or (2) are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan.

This rule promotes trial convenience and conserves judicial and prosecutorial resources. *See United States v. Werner.* Improper joinder under federal Rule 8(a) raises a question of law, subject to full appellate review; severance is mandatory unless the error was harmless. *Id.* *See also* 8 J. Moore, *Moore's Federal Practice* ¶ 8.04[2] (2d ed. 1984). Under the federal rule, when offenses are similar in character and occurred over a relatively short period of time and the evidence overlaps, joinder is ordinarily appropriate. *United States v. McClintic*, 570 F.2d 685 (8th Cir.1978).

We need not decide in this case whether joinder was improper and, if so, whether improper joinder under Rule 10 should be treated similarly to improper joinder under the federal rule. NMSA 1978, Crim.P. Rule 33(c)(2) (Cum.Supp.1984) requires that failure to present an objection prior to trial based on a defect in the indictment will result in a waiver of that objection. Rule 33(c)(2) was not satisfied in this case.

At the pretrial motion hearing, defense counsel did not refute an assertion by state's counsel that joinder was proper under Rule 10. Nor did he alert the trial judge to any possible violation of Rule 10 with enough specificity to enable the court to rule on the matter. The issue of improper joinder under Rule 10 was waived, and we do not consider it on appeal. *See State v. Lopez*, 84 N.M. 805, 508 P.2d 1292 (1973); NMSA 1978, Crim., Child.Ct., Dom.Rel. &

W/C App.R. 308 (Repl.Pamp.1983). *See also* Moore, *supra*, ¶ 8.04[1].

Rule 34, which is similar to federal Rule 14, provides:

> If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in any complaint, indictment or information, or by joinder for trial, the court may order separate trials of offenses, grant a severance of defendants, or provide whatever other relief justice requires.

■ The court, in considering a motion to sever counts for trial on the ground of prejudice to the defendant, must weigh the possibility of prejudice against the interests of judicial economy. *See State v. McGill,* 89 N.M. 631, 556 P.2d 39 (Ct.App.1976). This balancing process is committed to the sound discretion of the trial court. *State v. Burdex,* 100 N.M. 197, 668 P.2d 313 (Ct. App.1983). The appellate issue is whether that discretion was abused by denying severance. We hold that it was not.

■ Defendant contends that, because the two charges were tried together, he was prejudiced by the possibility that the jury may have impermissibly used evidence of one crime to convict on the other. *See* NMSA 1978, Evid.R. 404(b) (Repl.Pamp. 1983). Under Rule 404(b), because of its possible prejudicial effect, "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity" with that character.

Evidence of "other crimes" is admissible under the Rule, however, for other, legitimate purposes. *See State v. Foye,* 100 N.M. 385, 671 P.2d 46 (Ct.App.1983). At the pretrial motion for severance, state's counsel indicated that the evidence presented at trial would be relevant to both counts due to an alleged common scheme by defendant and, therefore, no violation of Rule 404(b) would occur. Although defendant's counsel disputed the state's claim, he did not introduce any evidence that would support his view of the case. In its ruling denying severance, the court specifically retained discretion to sever the counts dur-

ing trial if defendant demonstrated the requisite prejudice. Apart from argument, there was nothing to demonstrate prejudice. The trial judge did not abuse his discretion in denying the motion prior to trial. *State v. Garcia,* 84 N.M. 519, 505 P.2d 862 (Ct.App.1972); *see also State v. McGill.*

■ We note, further, that on appeal defendant has not reviewed the evidence to demonstrate a violation of Rule 404(b). *See State v. Foye; State v. Montano,* 93 N.M. 436, 601 P.2d 69 (Ct.App.1979). Defendant rather claims that the prosecutor's remarks on rebuttal closing argument "urged the jury to find that defendant was a bad person" and "discouraged [the jury] from evaluating the evidence in terms of each count." These statements, however, were made in response to defendant's closing argument, in which counsel suggested that the police pursued the aggravated battery count only because a police officer had shot defendant. In context, the prosecutor's remarks were within the latitude permitted in closing argument. The motion to sever was not renewed during trial or at the close of the evidence. Even if prejudice became apparent during trial the objection was waived. *State v. Garcia.*

## JURY INSTRUCTIONS

■ Defendant contends that the lower court erred when it refused his tendered jury instruction on simple battery as a lesser included offense of the aggravated battery charge. Defendant has a right to have the jury instructed only on those lesser included offenses which are supported by the evidence. *State v. James,* 76 N.M. 376, 415 P.2d 350 (1966). The evidence in this case did not support such an instruction.

The charge of aggravated battery arose from an incident in which defendant shot his victim in the foot with a .22 caliber revolver during a confrontation at a neighbor's home. Defendant testified that after an argument began, the victim told him to leave or he would throw him through the

wall. Defendant pulled out his gun and stuck it in the victim's chest. The victim pushed the gun away. The gun discharged, striking the victim in the foot.

Simple battery is the unlawful, intentional touching or application of force to the person of another when done in a rude, insolent, or angry manner. NMSA 1978, § 30–3–4 (Repl.Pamp.1984). Aggravated battery, as charged in this case, consists of the unlawful touching or application of force to the person of another with intent to injure that person or another. NMSA 1978, § 30–3–5(A) (Repl.Pamp.1984). The distinguishing factor between simple and aggravated battery in this case is the intent to injure.

■ Under the state's view, the shooting was intentional. A gun is a deadly weapon. NMSA 1978, § 30–1–12(B) (Repl.Pamp. 1984). If the shooting was intentional, defendant may be presumed to have the intent to injure because of his use of the gun. *See State v. Valles,* 84 N.M. 1, 498 P.2d 693 (Ct.App.1972); *State v. Jaramillo,* 82 N.M. 548, 484 P.2d 768 (Ct.App.1971). Under defendant's view, the shooting was an accident and the evidence supported acquittal.

Defendant should have been either convicted of the offense charged or acquitted. A simple battery instruction was not warranted.

■ Defendant also claims error in the trial court's failure to instruct the jury on self-defense. This claim has no merit. The trial court is not required to give an instruction which the evidence does not support. *State v. Heisler,* 58 N.M. 446, 272 P.2d 660 (1954). An instruction on the use of deadly force in self-defense is only warranted when the evidence shows that there was an appearance of immediate danger of death or great bodily harm to a defendant, that the defendant was therefore in fear of immediate death or great bodily harm, and acted because of that fear. In addition, the fear must have been reasonable. NMSA 1978, UJI Crim. 41.53 (Repl.Pamp.1982).

The evidence did not support the requested instructions. The victim did not touch defendant, nor was the victim armed. Defendant did not testify that he was afraid of immediate death or great bodily harm when he acted. The court properly refused to instruct the jury on self-defense. *See State v. Pendley,* 92 N.M. 658, 593 P.2d 755 (Ct.App.1979), *overruled on other grounds sub nom. Buzbee v. Donnelly,* 96 N.M. 692, 634 P.2d 1244 (1981).

CONCLUSION

We hold that defendant waived any objection to improper joinder based on Rule 10 and that the trial judge did not abuse his discretion in denying the pretrial motion for severance under Rule 34. We also hold that any objection based on prejudice at trial was waived by failure to renew the motion to sever. Finally, we hold that the trial judge did not err in refusing to give the requested instructions on battery and self-defense.

IT IS SO ORDERED.

DONNELLY, C.J., and WOOD, J., concur.