This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42392**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**OSCAR PIERCE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Richard M. Jacquez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals from his conviction, following a jury trial, for aggravated battery with a deadly weapon, contrary to NMSA 1978, Section 30-3-5 (1969). We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant continues to argue that the evidence was insufficient to prove his intent to cause great bodily harm to Victim. [MIO 7-10] We proposed to affirm on the basis that there was sufficient evidence for a jury to

infer that Defendant intended to injure Victim based on the testimony elicited at trial. [CN 4] In his memorandum in opposition, Defendant contends that "he fired shots at [Victim] because he feared the younger and bigger man was about to assault him." [MIO 10] However, Defendant's argument remains premised on challenging the weight and credibility of the evidence and testimony. Because our appellate courts do not reweigh evidence or reassess credibility, we are unpersuaded. *See State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 ("New Mexico appellate courts will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting its judgment for that of the jury." (alterations, internal quotation marks, and citation omitted)); *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

**{3}** Defendant also continues to argue that the district court erred in denying him a self-defense instruction. [MIO PDF 11-16] Defendant maintains that although the proposed instruction was not entered into the record proper, he still preserved the issue below because the district court was apprised of the requested instruction, heard argument from both parties, and issued a ruling denying the instruction. [MIO 13; RP 151] Based on our review of the record proper, we agree. *See State v. Skippings*, 2011-NMSC-021, ¶ 25, 150 N.M. 216, 258 P.3d 1008 (explaining that "while it is true that a defendant must generally tender a legally correct instruction to preserve the issue on appeal, Rule 5-608 [NMRA] is subject to flexible enforcement that is consistent with its underlying rationale" and that "if the record reflects that the judge clearly understood the type of instruction the [d]efendant wanted and understood the tendered instruction needed to be modified to correctly state the law, then the issue is deemed preserved for appellate review" (alteration, emphasis, internal quotation marks, and citation omitted)). Nevertheless, we remain unpersuaded that the district court erred in declining to instruct the jury as to self-defense.

**{4}** In our calendar notice, we proposed to affirm on the basis that the evidence did not support a self-defense instruction. [CN 6-7] Defendant maintains, however, that his "testimony made the case for all three of the elements required for a self-defense instruction." [MIO 14] *See State v. Gammill*, 1985-NMCA-014, ¶ 17, 102 N.M. 652, 699 P.2d 125 (providing that an instruction for self-defense involving the use of deadly force "is only warranted when the evidence shows that there was an appearance of immediate danger of death or great bodily harm to a defendant, that the defendant was therefore in fear of immediate death or great bodily harm, and acted because of that fear"). Specifically, Defendant maintains that "[t]he confrontation with [Victim] created the appearance of immediate danger of bodily harm due to [Victim's] size, previous confrontational behavior, and [Defendant]'s inability to lock the door of the trailer." [MIO PDF 14] Defendant further asserts that, in light of these factors, "he used a reasonable amount of force in that he first shot at [Victim]'s legs" and that "[a] reasonable elderly

and frail person in that situation would have done the same." [MIO PDF 14] We remain unpersuaded.

**{5}** As we explained in our calendar notice, the evidence presented at trial, including Defendant's testimony, did not support the requested self-defense instruction. [CN 6-7] Although Defendant testified that he was scared of Victim, and that the Victim lunged at him, the record proper indicates that Victim did not touch Defendant and that Victim was not armed. [CN 6-7; RP 146] In addition, the record proper shows that Defendant left his trailer through the front door to retrieve his gun from his truck before going out the back door to meet Victim, Defendant had military training, Victim never tried to gain entry into the trailer, and Defendant did not call the police. [CN 7; RP 147-150] Finally, although Defendant testified in his own defense, he did not testify that he was afraid of immediate death or great bodily harm. [CN 7] We conclude that without more, there is insufficient evidence to support the self-defense instruction. *See Gammill*, 1985-NMCA-014, ¶¶ 17-18 (holding that the evidence did not support the requested self-defense instruction because the victim did not touch the defendant, was not armed, and the defendant did not testify that he was in immediate fear of death or great bodily harm); *State v. Guerra*, 2012-NMSC-014, ¶¶ 12, 15, 278 P.3d 1031 (holding that the evidence that the defendant did not intend to kill the victim, brought two knives in case she needed to defend herself, and stated that after the altercation began she was afraid the victim would strangle or hit her was insufficient to meet the first factor that the defendant was threatened with death or great bodily harm at the time of the killing and, as a result, the other factors could not be met such that a self-defense instruction was not proper).

**{6}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JANE B YOHALEM, Judge**

**GERALD E. BACA, Judge**